"O"

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY　　　　　　　　　DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MIKEAL GLENN STINE and RAYMOND OECHSLE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LT. TROTTER, et al.,<br><br>　　　　Defendants. | Case No. EDCV 08-0251-RGK (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING RAYMOND OECHSLE AS A PLAINTIFF |

　　Plaintiffs Mikeal Glenn Stine and Raymond Oechsle are prisoners in the custody of the United States Bureau of Prisons at the ADX Florence facility in Colorado. On December 8, 2007, Plaintiffs were temporarily transferred to the San Bernardino County West Valley Detention Center ("WVDC") in Rancho Cucamonga, California, while waiting to testify as witnesses in a federal criminal trial in Riverside, California. (Compl. at 5.) They apparently remained at WVDC until December 21, 2007, when they were transferred back to ADX Florence. Plaintiffs filed this action on February 29, 2008 pursuant to 42 U.S.C. § 1983, alleging that Lt. Trotter, Sgt. D. Florence, and

1 Sgt. Mahoney, all officers at WVDC, violated various of their
2 constitutional rights during Plaintiff's thirteen day stay at WVDC.
3 Plaintiffs raised constitutional claims against Defendants for: (1)
4 interference with their right of access to the courts; (2) denial of
5 adequate medical care; (3) placement in administrative segregation;
6 and (4) supervisory liability as to the denial of adequate medical
7 care and placement in administrative segregation. Defendants filed
8 a motion to dismiss.
9     On August 28, 2008, the Court, adopting the August 13, 2008
10 Report and Recommendation the United States Magistrate Judge, ordered
11 that Plaintiffs' claims involving denial of access to the courts and
12 illegal placement in segregation be dismissed with prejudice and
13 without leave to amend. The Court further ordered that Plaintiffs'
14 inadequate medical care claims be dismissed without prejudice and
15 with leave to amend. Given that Plaintiffs' supervisory liability
16 claim related to inadequate medical care, the Court determined that
17 that claim need not be considered as separate from the underlying
18 inadequate medical care claim. The Court ordered Plaintiffs to file
19 a Second Amended Complaint, if they chose, within 30 days of the date
20 of the order.
21     On September 12, 2008, Stine filed a motion to extend the time
22 in which to file his second amended complaint. That motion was
23 granted. Oechsle did not join in that motion. On September 26, 2008,
24 Stine filed his second amended complaint. Oechsle did not join in
25 that second amended complaint.
26     This action shall be dismissed as to Oechsle for failure to
27 state a claim upon which relief may be granted. For the reasons
28 stated in the Report and Recommendation of the magistrate judge,

Oechsle failed to state a claim upon which relief could be granted as to any of the named defendants. He has not availed himself of the opportunity to amend his complaint. Accordingly, dismissal with prejudice is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

In addition, dismissal is warranted for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute or failure to comply with a court order. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), Fed. R. Civ. P. 41(b). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Oechsle's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants. Almost three months have elapsed since the first amended complaint was dismissed with leave to amend. Oechsle has failed to request an extention of time or submit a second amended complaint as directed.

For all of these reasons, Oechsle's remaining cause of action must be dismissed with prejudice.

IT IS SO ORDERED.

Dated: NOV 19 2008

R. Gary Klausner
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge